**NEIL H. GREENBERG & ASSOCIATES, P.C.**
COUNSELORS AT LAW

900 MERCHANTS CONCOURSE, SUITE 314. WESTBURY, NEW YORK 11590

NEIL H. GREENBERG, ESQ.

JUSTIN M. REILLY, ESQ.

CATALINA ROMAN

PARALEGAL

March 22, 2016

VIA: ECF filing

Honorable Gary R. Brown
United States Magistrate Judge
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

          RE: McDermott et al. v. The Federal Savings Bank et al.
          14 CV 6657 (JMA) (GRB)

Dear Judge Brown:

We represent plaintiffs in this case and hereby oppose defendants' request for sanctions against plaintiffs for their alleged failure to completely respond to one interrogatory [D.E. 74]. This is the second time in less than two months that defendants are seeking the drastic sanction of dismissal for a purported discovery violation [D.E. 66]. Defendants' request should be denied, as dismissal with prejudice for failure to obey a discovery order is a harsh remedy to be used only in extreme situations, and defendants have failed even to allege that any such circumstances are present here. *Valentine v. Museum of Modern Art*, 29 F.3d 47, 49 (2d Cir. 1994). As a sanction, dismissal may only be imposed if the Court gives notice that a violation of a discovery order will result in a dismissal of the case with prejudice. *Bobal v. Rensselaer Polytechnic Institute*, 916 F.2d 759, 764 (2d Cir. 1990). And dismissal is appropriate only after consideration of alternative, less drastic sanctions. *Marfia v. T.C. Ziraat Bankasi, New York Branch*, 100 F.3d 243, 253 (2d Cir. 1996). Here, defendants have failed to make a prima facie showing that they are entitled to seek the dismissal of plaintiffs' complaint as a discovery sanction. *See Petit-Phare v. City of New York*, 2005 WL 2548257 at *2 (E.D.N.Y. 2005).

Defendants' current application is premised entirely on the contention that some opt-in plaintiffs have not completely responded to an interrogatory. The interrogatory at issue reads in full as follows: "For each Plaintiff and Opt-in Plaintiff, identify all referral sources, including but not limited to realtors, who provided you leads while employed by TFSB." The answers to this interrogatory could consist of hundreds of names, and there is no evidence that Plaintiffs ever created or maintained any such "lists." Thus, to answer Defendants' interrogatory, all were required to identify names based on their memory and other sources.

Defendants take no issue with how named plaintiffs, Douglas Finnegan and Michael McDermott, responded to this interrogatory. Defendants, moreover, have already created their own referral lists for plaintiffs because they have the benefit of exclusive access to complete sets of all loan files that plaintiffs and opt-in plaintiffs worked on during their employment. Defendants' list for Michael McDermott, annexed to their application as an exhibit, contains the identities of all referral sources that are on the list Michael McDermott submitted with the exception of only one.

According to their letter application, however, defendants take issue with the lists provided by some of the opt-in plaintiffs. Plaintiffs prepared their lists in good faith, to the fullest extent of their knowledge and recollection, and after a comprehensive search of all available records. That Defendants presently have superior access to information does not mean Plaintiffs willfully failed to disclose facts or acted in bad faith. Indeed, Plaintiffs have nothing to gain by deliberately omitting selective referral sources from their lists.

Notwithstanding Defendants' greater access to the pertinent facts, a substantial number of the names on defendants' lists are on the lists provided by opt-in plaintiffs. For example, the names on defendants' list for opt-in plaintiff Danielle Kraft are, for the most part, on her list. Similarly, the names on defendants' list for opt-in plaintiffs Glenn Mack and Nancy Cleary are mostly on the lists that they submitted. The same holds true for opt-in plaintiff Neil Surgenor. Many of the names on defendants' lists for Ron Riemer and Philip Choi have Douglas Elliman email addresses on them and such names are on the lists submitted by Ron Reimer and Philip Choi. Just about all of the actual names on the list defendants created for opt-in plaintiff Irina Pashinsky are on her list as well. Many of the same names that are on defendants' list for Jenchi Chen also appear on his list.

All of the Douglas Elliman opt-in plaintiffs except for Neil Surgenor were fired on the same day, March 31, 2015. When they were fired, they no longer had access to any of the loan files that they were working on or worked on during their employment. Although these opt-in plaintiffs indisputably have no access at all to any of the loan files they worked on while at TFSB, they did everything they reasonably could to provide a full and complete response to defendants' interrogatory. Because defendants have the benefit of having complete sets of every single loan file in their possession that each plaintiff and opt-in plaintiff worked on during their employment, they are able to identify referral sources certain plaintiffs could not recall, and then claim this failure was somehow intentional. This is plainly not the case. The opt-in plaintiffs that have joined this lawsuit cannot possibly be expected to identity every single person who may have provided them a lead during their employment with TFSB. Defendants are in possession of this information because it is listed in their loan files and defendants are abusively using their superior access to information to make false and baseless accusations at certain opt-in plaintiffs. Such conduct is not genuine, but is instead another tactic by defendants as they continue to practice default law in this action.

No plaintiff or opt-in plaintiff is or has refused discovery, acted in bad faith, or acted in a willful manner to warrant any type of sanction or even a warning from the Court. Defendants, moreover, have suffered no prejudice by virtue of Plaintiffs' inadvertent failure to provide information already in Defendants' possession. Defendants' request, therefore, should be denied in its entirety.

Yours truly,

Justin M. Reilly

cc: William Pillsbury, Esq.