

MARYLAND
PENNSYLVANIA
VIRGINIA
NEW JERSEY
NEW YORK
DELAWARE
WASHINGTON, DC

*William H. Pillsbury*
*(267) 338-1321 (Direct Dial)*
*(267) 338-1335 (Fax)*
*wpillsbury@offitkurman.com*

March 30, 2017

<u>*Via ECF Filing*</u>
Honorable Gary R. Brown
United States Magistrate Judge
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

      **Re: McDermott v. The Federal Savings Bank et al.**
         **14 CV 6657 (JMA) (GRB)**

Dear Judge Brown:

      We represent Defendants in this Fair Labor Standards Act ("FLSA") collective action. We write to oppose Plaintiffs' letter motion to equitably toll the statute of limitations (Doc. 90). As explained below, there are no rare or exceptional circumstances that would support exercising the extraordinary remedy of equitably tolling of the statute of limitations. Instead, Plaintiffs point the Court to the common state of affairs caused by the Court's increasing caseload. Further, the request is premature, as it is unclear whether any potential plaintiff's claims would become time-barred and whether those individuals exercised reasonable diligence.

      "[E]quitable tolling is only appropriate in rare and exceptional circumstances, in which a party is prevented in some extraordinary way from exercising his rights." *Zerilli-Edelglass v. N.Y.C. Transit Auth.*, 333 F.3d 74, 80 (2d Cir. 1996) (internal citations and quotations omitted). Equitable tolling is "a rare remedy to be applied in unusual circumstances, not a cure-all for an entirely common state of affairs." *Wallace v. Kato*, 549 U.S. 384 (2007); *see also Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990) ("[f]ederal courts have typically extended equitable relief only sparingly in suits against private litigants, allowing tolling where the claimant has actively pursued his judicial remedies by filing a defective pleading or where he has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass."); *Boykin v. KeyCorp*, 521 F.3d 202, 211 n. 10 (2d Cir. 2008) (declining to apply the doctrine of equitable tolling to an entire class of FLSA plaintiffs, noting that to do so "for this entire class would threaten to extend the doctrine beyond its limitation to 'rare and exceptional circumstances'").



MARYLAND
PENNSYLVANIA
VIRGINIA
NEW JERSEY
NEW YORK
DELAWARE
WASHINGTON, DC

Cases warranting equitable tolling "include ones where a party has been misled by its adversary to miss a filing deadline, where a claimant has actively pursued its rights by filing a defective pleading within the deadline, and where a plaintiff was prevented from bringing suit by war." *Burnett v. New York Central Railroad Co.*, 380 U.S. 424, 428-29 (1965). "When determining whether equitable tolling is applicable, a district court must consider whether the person seeking application of the equitable tolling doctrine (1) has acted with reasonable diligence during the time period she seeks to have tolled, and (2) has proved that the circumstances are so extraordinary that the doctrine should apply." *Zerilli-Edelglass*, 333 F.3d at 80-81.

There is no binding authority in the Second Circuit governing the application of the doctrine of equitable tolling in the context of litigation delays in FLSA opt-in claims. Instead, district courts have split on the issue of whether any type of litigation delays are a sufficient basis for equitable tolling. *See, e.g.*, *Kassman v. KPMG LLP*, 2015 U.S. Dist. LEXIS 118542, *11-13 (S.D. NY Sept. 4, 2015) (collecting district court cases throughout the Second Circuit deciding whether equitable tolling is appropriate for FLSA opt-in claims). The Court should follow the line of cases supporting that ordinary litigation delays are not a proper basis for applying the doctrine of equitable tolling, as it is "a rare remedy to be applied in unusual circumstances, not a cure-all for an entirely common state of affairs." *Gordon v. Kaleida Health*, 2009 U.S. Dist. LEXIS 95729 (W.D. NY Oct. 14, 2009) (quoting *Wallace v. Kato*, 549 U.S. 384, 396 (2007)); *see Hinterberger v. Catholic Health Sys*, 2009 U.S. Dist. LEXIS 97944 (W.D. NY 2009) (quoting same); *Morrison v. Ocean State Jobbers, Inc.*, 180 F.Supp. 3d 190, 199 (Conn. D.C. 2016) (refusing to grant motion for equitable tolling in FLSA collective action for "merely a litigation delay" and stating that granting such relief would "change the principle of equitable tolling from the exception to the norm"); *see also Titchenell v. Apria Healthcare, Inc.*, 2012 U.S. Dist. LEXIS 122759 (E.D. Pa. Aug. 29, 2014) (holding that litigation delays were not extraordinary circumstances and explaining "in the average case in which the delay is attributable to the normal litigation process, courts have held that equitable tolling is not appropriate.").

In *Gordon*, the court denied a motion for equitable tolling that was filed based upon "a number of litigation and motion practice-related delays." *Gordon,* 2009 U.S. Dist. LEXIS at *37. The court reiterated that equitable tolling is "only appropriate in rare and exceptional circumstances." *Id.* at *38 (citing *Zerilli-Edelglass*, 333 F.3d at 80). It noted that the cases in this Circuit that permitted equitable tolling involved: (1) a court imposed stay pending a ruling on a dispositive motion; (2) a stipulation of the parties; (3) tolling limited to plaintiffs that had filed consents; (4) and the employer's failure to properly post notices regarding employees' FLSA rights. *Gordon*, 2009 U.S. Dist. Lexis at *40-41. The court stated that cases denying tolling were based upon plaintiffs' failure to carry their burden of demonstrating reasonable diligence and the presence of extraordinary circumstances. *Id.* at *41 (citing *Amendola v. Bristol-Myers Squibb Co.*, 558 F. Supp. 2d 459 (S.D. NY 2008) (denying FLSA plaintiffs' request for equitable tolling)). The court found that the plaintiffs did not meet their burden of proving diligence and that there was no "proof supporting that a reasonably prudent potential



MARYLAND
PENNSYLVANIA
VIRGINIA
NEW JERSEY
NEW YORK
DELAWARE
WASHINGTON, DC

plaintiff would not have known of his or her right to receive overtime after 40 hours." 2009 U.S. Dist. LEXIS at *42.  It further noted that any other plaintiffs could have acted by filing an individual or collective action that that their right to bring a lawsuit was not dependent on certification of the class action.  *Id.; see Hinterberger* 2009 U.S. Dist. LEXIS at *47 (same).

The *Gordon* court rejected the plaintiffs' argument that equitable tolling was appropriate due to litigation delays.  2009 U.S. Dist. LEXIS at *43.  The court explained "the time for consideration of the conditional certification and related motions is reflective of an increasing caseload in the District and does not constitute an extraordinary circumstance for tolling purposes."  *Id.*   Likewise, in *Hinterberger*, the court denied a motion for equitable tolling requested in an FLSA collective action that was based in part upon litigation related delays.  2009 U.S. Dist. LEXIS 97944.  In denying the request for equitable tolling, the *Hinterberger* court explained "the time for consideration of the conditional certification and related motions is reflective of an increasing caseload in this District and does not constitute an extraordinary circumstance for tolling purposes."  *Id.* at 47-48.

Courts in this Circuit have also found that it is proper to delay ruling on a motion for equitable tolling until after it is "clear whether or not any potential plaintiffs will be barred from this action due to a delay in notice."  *Mendoza v. Ashiya Sushi 5*, 2013 U.S. Dist. LEXIS 132777 (S.D.NY Sept. 15, 2013) (quoting *Whitehorn v. Wolfgang's Steakhouse, Inc.*, 767 F. Supp. 2d 445, 450 (S.D.N.Y. 2011). The *Mendoza* court stated it would permit notice to be delivered to all potential plaintiffs employed within three years and defer consideration of the statute of limitations until after the opt-in period expired.  2013 U.S. Dist. LEXIS at *31.  It also stated that after the opt-in period, "any individual would-be plaintiffs whose claims have expired may seek equitable tolling as it may apply to him."  *Id.* (citation omitted).

In sum, Plaintiffs have failed to set forth any basis that would justify tolling the statute of limitations applicable to wage and hour claims retroactively for individuals that have had the right to join this lawsuit since the day it was filed or to file their own lawsuit since the day they were allegedly harmed.  As a final note, while the Defendants do not believe that Plaintiffs have sufficiently stated a case for equitable tolling, assuming arguendo that this Court is inclined to toll the statute of limitations, the statute of limitations should be equitably tolled from no earlier than the date Plaintiffs filed the motion to equitably toll the statute of limitations – March 23, 2017 – because Plaintiffs have waited almost two years from seeking certification to file this motion.  *See Chime v. Peak Sec. Plus, Inc.*, 137 F. Supp. 3d 183, 205 (E.D. NY 2015) (holding that when plaintiff waited nearly two years to file a motion to equitably toll, it failed to act with reasonable diligence, so the statute of limitations should only be tolled as of the date tolling was first sought).

        Respectfully submitted,
        */s/ William Pillsbury*
        William H. Pillsbury

cc:  Justin M. Reilly, Esq. (via ECF Filing)