UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
MICHAEL MCDERMOTT, and DOUGLAS
FINNEGAN, Individually, and on behalf of all
others similarly situated,

                         Plaintiffs,

    -against-

THE FEDERAL SAVINGS BANK, JOHN T.
CALK, AND STEVE CALK,

                        Defendants.

-----------------------------------------------------------------X

For Online Publication Only

FILED
CLERK

3/22/2019 12:28 pm

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

ORDER
14-CV-6657 (JMA) (GRB)

**AZRACK, United States District Judge:**

       On September 28, 2019, Magistrate Judge Gary R. Brown issued a Report and Recommendation (the "R&R") denying Plaintiffs' motion seeking equitable tolling of the statute of limitations for claims under Fair Labor Standards Act ("FLSA"). After Judge Brown issued the R&R, Plaintiffs filed a timely objection. Defendants have not filed any response to the objection. For the reasons stated below, the Court overrules Plaintiff's objections, adopts the R&R, and denies Plaintiffs' motion for equitable tolling.

**A. Standard**

       In reviewing a magistrate judge's report and recommendation, the court must "make a de novo determination of those portions of the report or . . . recommendations to which objection[s][are] made." 28 U.S.C. § 636(b)(1)(C); see also Brown v. Ebert, No. 05–CV–5579, 2006 WL 3851152, at *2 (S.D.N.Y. Dec. 29, 2006). The court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Those portions of a report and recommendation to which there is no specific reasoned objection are reviewed for clear error. See Pall Corp. v. Entegris, Inc., 249 F.R.D. 48, 51 (E.D.N.Y. 2008).

1

B. <u>Analysis</u>

1. **The Putative Plaintiffs Who Did Not Opt-In**

The R&R rejected Plaintiffs' request that sought equitable tolling for all 609 putative plaintiffs. (R&R at 4 n. 3.) Plaintiffs have not objected to that portion of the R&R. Accordingly, finding no clear error, the Court adopts the R&R's recommendation that equitable tolling be denied as to the putative plaintiffs who have not opted in this action.

2. **Named Plaintiff Douglas Finnegan and the Non-MSA Opt-in Plaintiffs**

Plaintiffs contend that the R&R should have addressed, on the merits, the equitable tolling arguments of "Named Plaintiff Douglas Finnegan and Opt-in Plaintiffs who previously filed consent to join forms with the Court who are not part of the limited collective of MSA loan officers." (Pls.' Obj. at 9.) Plaintiffs argue that this Court's April 18, 2018 Order "effectively dismissed the non-MSA loan officers' claims without prejudice" and that "the statute of limitations should be tolled so that they may be afforded the opportunity to bring their claims individually in a more appropriate jurisdiction." (<u>Id.</u> at 10.) Judge Brown correctly concluded in the R&R that "the question of equitable tolling as to these individuals is not properly before this Court." (R&R at 4 n. 3.). To date, neither Finnegan nor the other Opt-in Plaintiffs who were not covered by the Douglas Elliman MSA, have been dismissed from this action. Relatedly, Defendants have not moved for decertification and no motions have been filed to sever or transfer the claims of Finnegan or the other Opt-in Plaintiffs not covered by the Douglas Elliman MSA. If, at some future date, the Court had an occasion to dismiss the claims of those parties without prejudice, it would entertain an application to toll the statute of limitations for a short period in order to allow those parties to file separate actions.

2

### 3. The 2018 Opt-Ins

Plaintiffs also object to the R&R's refusal to equitably toll the statute of limitations for the fourteen 2018 Opt-Ins (as defined in the R&R). The R&R did not resolve the split of authority over whether, in the context of motion seeking equitable tolling for FLSA opt-ins based on the litigation delay that results from a pending motion for conditional certification, the focus should be on the diligence of the opt-ins or of the named plaintiffs and their counsel. (R&R at 8.) Instead, Judge Brown found that, based on the "uncommon facts of this case," equitable tolling was not warranted. (R&R at 8.) I agree with Judge Brown that, based, on the record before him and the unique circumstances of this case, equitable tolling was not warranted. Accordingly, the Court denies Plaintiffs' request for equitable tolling as to the 2018 Opt-Ins.

### 4. Plaintiffs' Request to File Applications for Equitable Tolling on an Individual Basis and to Submit Additional Evidence

Plaintiffs raise two additional points in their objections. First, Plaintiffs object to the R&R to the extent that the R&R precludes the 2018 Opt-Ins from filing applications for equitable tolling on an individual basis. Second, Plaintiffs and the 2018 Opt-Ins request the opportunity to submit additional evidence concerning the diligence of the 2018 Opt-Ins and Plaintiffs' counsel.[1] The Court finds that neither of these arguments are a reason not to adopt the R&R.

As to the first point, the R&R says nothing about whether the 2018 Opt-in Plaintiffs are precluded, at some future date, from filing applications for equitable tolling on an individual basis. As to the second, related, point, the Court exercises its discretion and declines to consider any additional evidence from Plaintiffs as part of their objections. The instant Order, however, does

---

[1] Generally, Plaintiffs do not identify what additional information would be introduced through such evidence concerning the diligence of the 2018 Opt-Ins or Plaintiffs' Counsel. However, at one point in their objections, Plaintiffs assert that "although Plaintiffs consented to conditionally certifying the New York and Illinois group of loan officers, Defendants refused." (Pls.' Obj. at 2.)

3

not preclude Plaintiffs from seeking to raise equitable tolling arguments and introduce additional evidence on that issue at some later point.[2]

Finally, the Court is compelled to note that it is not clear that the 2018 Opt-Ins will ultimately suffer any prejudice from the denial of their request for equitable tolling given the availability of parallel claims under the New York Labor Law ("NYLL"). As Judge Brown observed:

> In addition to asserting claims under the FLSA, the amended complaint alleges wage claims under New York Labor Law in the form of a purported Rule 23 class action. The rights afforded under the NYLL may well be coextensive with the protections of the FLSA, but are subject to a six-year statute of limitations. See N.Y. Labor Law § 198(3); N.Y. Labor Law § 663(3).

(R&R at 10.) Plaintiffs do not address this point at all in their objections. Not only is the instant suit a putative class action, see American Pipe & Constr. Co. v. Utah, 414 U.S. 538, 553 (1974), but none of the 2018 Opt-Ins worked for Defendant prior to 2014. (See ECF No. 118-1.) Accordingly, all of the 2018 Opt-Ins appear to have timely parallel claims under the NYLL.[3]

## C. CONCLUSION

For the reasons set forth above, the Court overrules Plaintiffs' objections, adopts the R&R, and denies Plaintiffs' motion for equitable tolling.

**SO ORDERED.**

Date: March 22, 2019
Central Islip, New York

                                                    /s/ (JMA)
                                           Joan M. Azrack
                                           United States District Judge

---

[2] Notably, Defendants did not file a response to Plaintiffs' objections and have not argued that Plaintiffs should be precluded from introducing additional evidence on these issues. The Court also notes that Plaintiffs filed their April 19, 2018 motion for equitable tolling before any of the 2018 Opt-Ins had actually opted in.

[3] To date, Plaintiffs have not sought to add the 2018 Opt-Ins as named plaintiffs in this action. If the 2018 Opt-Ins were added as named plaintiffs, it would appear to make sense to defer any further applications concerning equitable tolling until after their depositions.