UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MICHAEL MCDERMOTT, *individually and
on behalf of all others similarly situated*,

                Plaintiffs,

                v.

THE FEDERAL SAVINGS BANK,
JOHN T. CALK, and STEVE CALK,

                Defendants.
------------------------------------------------------------X

**ORDER**
14-CV-6657 (WFK) (LKE)

**WILLIAM F. KUNTZ, II, United States District Judge:**

        On May 1, 2025, the Honorable Magistrate Judge Lara K. Eshkenazi issued a Report and Recommendation ("R&R") recommending the Court (1) grant Plaintiffs' motion for attorney's fees but reduce the award to $402,180.74 in attorney's fees and $17,482.12 in costs, and (2) deny Plaintiffs' request for pre-judgment and post-judgment interest. R&R, ECF No. 251. On May 21, 2025, Defendants timely filed objections to the R&R, arguing the Court should reduce the fee award to one-third of Plaintiffs' total recovery (no more than $257,695.91). Defs.' Obj., ECF No. 253. On June 3, 2025, Plaintiffs filed a response in opposition to Defendants' objection, contending (1) the fee award is not subject to the Court's review under *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), and (2) the recommended fees are reasonable under the lodestar method. Pls.' Opp'n to Defs.' Obj., ECF No. 254.

        The Court reviews *de novo* any contested sections of an R&R. 28 U.S.C. § 636(b)(1)(C). Upon reviewing objections to an R&R, the Court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." *Id.*

1

Plaintiffs seek $633,245.00 in attorney's fees and $18,888.38 in costs, plus pre-judgment and post-judgment interest. Pl.'s Mot. for Att'y Fees and Costs, ECF No. 246. Magistrate Judge Eshkenazi recommended the Court reduce Plaintiff's requested award to account for, among other things, fees incurred after the last Rule 68 offer of judgment was accepted, vague billing entries, and the degree of success achieved. *See generally* R&R. Defendants argue for a further reduction, stating "fee awards in FLSA cases should not exceed one-third of the total settlement amount." Defs.' Obj. at 4.

This case involves Rule 68 offers of judgment. As such, the Court need not determine whether Plaintiffs' requested fees are fair and reasonable in accordance with *Cheeks*. *Xing Yu v. Hasaki Restaurant Inc.*, 944 F.3d 395, 411 (2d Cir. 2019) ("The holding in *Cheeks* was limited to Rule 41(a)(1)(A)(ii) dismissals with prejudice."). Defendants cite cases arising in the context of FLSA settlements requiring Court approval under *Cheeks*. *See, e.g.*, *Rodriguez v. Cricket Wireless LLC*, 20-CV-1596, 2021 WL 7906565 (E.D.N.Y. Apr. 20, 2021), *report and recommendation* (Reyes, Mag.); *Run Guo Zhang v. Lin Kumo Japanese Rest. Inc.*, 13-CV-6667, 2015 WL 5122530 (S.D.N.Y. Aug. 31, 2015) (Engelmayer, J.). But those cases are not relevant here. Magistrate Judge Eshkenazi conducted a thorough review of the fees sought by Plaintiffs' counsel and accurately determined the appropriate award. The Court ADOPTS the R&R in its entirety.

**SO ORDERED.**

**s/WFK**
HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: August 7, 2025
      Brooklyn, New York